IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **JOSE MOLINA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | Civil Action No.  GLS-19-3123 |
| | * | |
| **KP STONEYMILL, INC., et al.,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |
| | ****** | |

**MEMORANDUM OPINION**

Pending before this Court is a "First Supplemental Memorandum in Support of His Previous Motion for Attorney Fees and Costs," (ECF No. 65) ("Supplemental Petition"), which was filed by Plaintiff Jose Carballo Molina ("Plaintiff") on January 12, 2022.  To date, Defendants KP Stoneymill, Inc., d/b/a/ King Pollo, KP Wheaton, Inc., and Dae Sung (David) Ji ("Defendants") have failed to file an opposition.  Pursuant to Local Rule 105.2, absent a specific deadline from the Court, any opposition was due by no later than January 26, 2022.  The Court does not find that a hearing is necessary.  L.R. 105.6.  (D. Md. 2021).  The Court grants the Supplemental Petition and awards attorney's fees and costs, as set forth more fully herein.

**I.     BACKGROUND**

The prior history of this case is set forth in great detail in the Court's memorandum opinion and order granting Plaintiff's original motion for attorney's fees and costs.  (ECF No. 44).

Subsequently, on July 30, 2022, Plaintiff filed a "Motion for Judgment to Reduce Award of Attorney's Fees to Judgment."  In that motion, Plaintiff represented that Defendants had failed to pay the attorney's fees and costs awarded despite being requested to do so.  (ECF No. 46).  The

Court directed Defendants to respond to the motion by August 6, 2021. (ECF No. 47). Defendants never responded to the motion, so on August 24, 2021 the Court granted the motion and entered judgment for Plaintiff. (ECF No. 48).

On September 27, 2021, Plaintiff filed several writs of garnishment of wages against the bank accounts held by the Defendants at a bank ("Garnishee Bank"), and the affidavits of service of the same. (ECF Nos. 52-56). On October 4, 2021, Plaintiff filed notice that this Court's judgment awarding attorney's fees had been recorded in the Circuit Court for Montgomery County. (ECF No. 57). The Garnishee Bank answered the writs on October 14, 2021, asserting that accounts existed for Defendants KP Stoneymill, Inc. and KP Wheaton, Inc., but there were no funds in the accounts. For Defendant Dae Sung (David) Ji, three accounts with funds existed, and the Garnishee Bank set aside the proceeds pending further court action. (ECF Nos. 58-60).

On November 16, 2021, Plaintiff filed a motion for judgment against the Garnishee Bank, seeking an order from this Court requiring it to pay over the funds in Defendant Dae Sung Ji's accounts, plus interest, in satisfaction of the judgment entered by this Court on August 24, 2021. (ECF No. 61). The Garnishee Bank filed an answer to the motion for judgment, and ultimately this Court entered judgment in the amount of $22,152.52. (ECF Nos. 63, 64).

On January 18, 2022, Plaintiff filed the Supplemental Petition. (ECF No. 65). That same day, Plaintiff notified the Court that judgment entered on August 24, 2021 had been fully satisfied from the funds found in the accounts at the Garnishee Bank. (ECF No. 66). Plaintiff also filed a notice that the $10,000 settlement amount ordered by this Court to be paid to Plaintiff had been paid. (ECF No. 67).

**II.	ANALYSIS**

As a preliminary matter, a plaintiff who prevails on an FLSA claim is entitled to the payment of attorney's fees and costs.  29 U.S.C. § 216(b).[1]  While the payment of fees and costs are mandatory, the amount awarded for the same is discretionary.  *See Randolph v. Powercomm Constr., Inc.*, 715 F. App'x 227, 230 (4th Cir. 2017); *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984).

In addition, because this FLSA Plaintiff has been forced to engage in post-judgment litigation to obtain the settlement amount and the amount of attorney's fees and costs awarded by the Court, the grant of reasonable attorney's fees and costs for those efforts is appropriate.  *See Jackson v. Egira, LLC*, Civ. No. RDB 14-3114, 2017 WL 4162128, at *4 (D. Md. July 28, 2017(award of post-judgment fees and costs appropriate given the litigation and collection efforts engaged in by counsel); *see also Sky Cable, LLC v. DIRECTV, Inc.,* 23 F.4th 313, 318 (4th Cir. 2022)(in a statutory fee-shifting case, reasonable attorney's fees and costs incurred in connection with post-judgment collection and enforcement actions appropriate).

As set forth more fully *infra*,  the amount of attorney's fees and costs awarded to Plaintiff as a prevailing party must be reasonable.

In addition, in our district, Appendix B to the court's Local Rules sets forth the rules and guidelines for attorney's seeking fee awards in cases such as this one.  *See* United States District Court for the District of Maryland: Local Rules, Appendix B, Rules and Guidelines for Determining Attorneys' Fees in Certain Cases ("*the Guidelines"* or "Loc. R., App. B."), ¶¶1a-1b, 2-4.

---

[1] In an FLSA action, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).

**A.** *Reasonable Attorney's Fees*

To calculate the amount to be awarded in attorney's fees, a court must determine what is reasonable. To do so, courts engage in a three-step process. First, a court must calculate the lodestar, "the number of reasonable hours expended times a reasonable rate." *Randolph*, 715 F. App'x at 230 (citing *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013)). To determine reasonable hours and rates, the Fourth Circuit has held that a court's discretion should be guided by the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the *Johnson* factors), which was initially adopted by the Fourth Circuit in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). Later the Fourth Circuit further tweaked the *Johnson* factors in *McAfee v. Boczar*. The *Johnson* factors are:

> (1) the time and labor expended;
>
> (2) the novelty and difficulty of the questions raised;
>
> (3) the skill required to perform the legal services rendered;
>
> (4) the attorney's opportunity costs in pressing the instant litigation;
>
> (5) the customary fee for like work;
>
> (6) the attorney's expectations at the outset of the litigation (whether the fee is fixed or contingent);
>
> (7) the time limitations imposed by the client or the circumstances;
>
> (8) the amount in controversy and the results obtained;
>
> (9) the experience, reputation, and ability of the attorney(s);
>
> (10) the "undesirability" of the case within the legal community in which the suit arises;

> (11) the nature and length of the professional relationship between the attorney and the client; and
>
> (12) attorneys' fees awards in similar cases.

738 F.3d at 88 n.5; *see also Thompson v. HUD*, Civ. No. MJG 95-309, 2002 WL 31777631, at *6 n.19 (D. Md. Nov. 21, 2002).

Per *Randolph*, the second step requires a court to subtract fees for hours spent on unsuccessful claims unrelated to successful ones. 715 F. App'x at 230.

As a third and final step, a court should award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Randolph*, 715 F. App'x at 230 (citing to *McAfee*, 738 F.3d at 88).

1. <u>Attorneys' Fees Sought</u>

For his post-judgment collection efforts, Plaintiff seeks $3,885 in attorney's fees comprised of 15.90 hours of services performed by four people: two attorneys (Mrs. Melehy and Mr. Balashov) and two people classified as paralegals (Ms. Aguilar and Ms. Lorber). (Supplemental Petition, pp. 3-4; ECF No. 65-1). Plaintiff's counsel argues that this Court previously approved of the hourly rates of Mrs. Melehy and Mr. Balashov. In addition, even though this Court rejected a paralegal rate for Ms. Aguilar of $150.00/hour, the Plaintiff has submitted additional documentation that he believes supports her higher billing rate. (Supplemental Petition, p. 4; ECF No. 65-2). Finally, regarding Ms. Lorber, Plaintiff asserts that he has provided information regarding her qualifications to support the paralegal rate of $150/hour sought. (*Id.*). In sum, Plaintiff avers that the entire amount of attorney's fees sought is reasonable.

As held earlier, to date, Defendants have not filed an opposition to the Supplemental Petition.

As a preliminary matter, I do not find that any step-two *Randolph* deduction (successful v. unsuccessful claims) applies to this stage of the litigation.

Following the *Johnson* framework, the Court addresses the lodestar amount immediately below, and later analyzes the degree of success. *Randolph*, 715 F. App'x at 230.

2. Lodestar Analysis: Hours and Rates

The first factor involves the time and labor expended. To determine reasonableness, the Court also analyzes *Johnson* factors 2, 3, 8, and 9: the novelty and difficulty of the questions presented, the skill required to perform the legal service, and the experience, reputation, and ability of the attorneys; and the amount in controversy and the results obtained. *See, e.g., Thompson*, 2002 WL 31777631, at *6-7 (analysis of *Johnson* factors 1-3 together). Plaintiff bears the burden of establishing the reasonableness of the hours for which reimbursement is sought. *Ledo Pizza Sys., Inc. v. Ledo Rest., Inc.*, Civ. No. DKC-06-3177, 2012 WL 4324881, at *6 (D. Md. Sept. 18, 2012). In addition, the party seeking fees must "show that the number of hours for which he seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary." *Travis v. Prime Lending*, Civ. No. 07-cv-065, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008).

To aid a court in determining the reasonableness of the hours billed, the Guidelines require the Plaintiff to submit itemized time records broken down by attorney or other timekeeper, and by litigation phases. *See* Loc. R., App. B. ¶¶ 1a-1b. Here, Plaintiff complied with the Guidelines, providing: a summary spreadsheet of hours and categories of work performed by attorney or professional, with hourly rates, and a supplemental declaration of counsel. (ECF Nos. 65-1, 65-2). These materials supplement materials previously provided by Plaintiff in connection with an earlier petition for attorney's fees and costs. (ECF Nos. 41-3, 41-4, 41-6). Of note, however, is

the fact that there is only some information provided about Ms. Lorber, who is billed as a paralegal at the rate of $150.00/hour.  (*See* Supplemental Petition, p.4; ECF No. 65-2).  For the most part, then, Plaintiff has met his initial burden of demonstrating that he can seek attorney's fees for hours expended.  *See Fair Hous. Council of Greater Wash. v. Landow*, 999 F.2d 92, 97-98 (4th Cir. 1993).

Analyzing *Johnson* factors 1, 2, 3, 8, and 9, the Court finds that between July 2021 and January 2022, counsel engaged in significant post-judgment efforts to obtain payment of monies due.  These aggressive efforts were necessitated by the Defendants failure to pay the settlement amount and attorney's fees awarded by this Court.  The law firm's dedicated and skillful efforts yielded significant results: collection of monies sufficient to cause payment of the settlement amount and satisfaction of the attorney's fees and costs previously awarded by this Court.  (ECF Nos. 66, 67).  In addition, the amount of time spent drafting the Supplemental motion is reasonable.  The pleading was supported by summary billing information and a supplemental declaration.  (ECF 65-1, 65-2).

However, analyzing the caselaw and carefully scrutinizing the billing records appended to the Supplemental Petition must result in a reduction.  Plaintiff seeks reimbursement for attorney and paralegal work performed between February 15, 2021 and July 1, 2021, i.e., for a period of time **before** this Court issued its memorandum opinion awarding attorney's fees; hours that, on their face, have nothing to do with Plaintiff's post-judgment collection efforts. Accordingly, the Court will deduct **$85.50** from the amount of fees sought.

In sum, upon analyzing the facts and *Johnson* factors 1, 2, 3, 8, and 9, the majority of the hours claimed are reasonable.

Continuing the lodestar analysis, this Court must determine the reasonable hourly rate for the professionals by examining the prevailing market rate. To do so, the Court analyzes *Johnson* factors 5 and 9. In this District, the Guidelines, although not binding, presumptively set forth ranges of reasonable hourly rates for the market, based on, e.g., years of experience. *See Gonzales*, 2011 WL 3886979, at *2.

With respect to Mrs. Melehy and Mr. Balashov, the Court has previously found the rates sought are reasonable. (ECF No. 44). Regarding the paralegals, fees are recoverable for paralegals as long as they do not perform "purely clerical" work. *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10(1989) (billing for paralegals appropriate as a lower cost alternative to attorneys to "encourage cost-effective delivery of legal services") (quoting *Cameo v. Convalescent Ctr., Inc. v. Senn*, 738 F.2d 836, 846 (7th Cir. 1984)).

The Guidelines set forth hourly rates only for "paralegals and law clerks" as ranging from $95.00 to $150.00. *See* Loc. R., App. B. ¶ 3f. Plaintiff provided only scant information related to Ms. Lorber's qualifications or experience. The information provided reflects that Ms. Lorber has a Bachelor's Degree and a paralegal certificate, yet there is no information about the dates that she obtained them. Relatedly, there is only a brief reference to her serving as a paralegal with the law firm beginning in the "summer of 2021." The billing records do reflect that Ms. Lorber was performing paralegal tasks. However, because the Court lacks more fulsome information about her qualifications, it is unable to determine the reasonableness of a high hourly rate of $150.00/hour—does she have the requisite experience to justify the top end of the fee Guidelines related to paralegals? *See Gonzales v. Caron*, Civ. No. CBD 10-2188, 2011 WL 3886979, at *2 (D. Md. Sept. 2, 2011). Thus, hourly rated associated with Ms. Lorber will be reduced to $125.00/hour. Next, regarding Ms. Aguilar, she began as a receptionist and then became a

paralegal. Billing entries related to her reflect that she performed paralegal services. Her skills and qualifications are essential, and have become more significant, such that she can be compensated at the same rate as a paralegal with training and experience. (ECF No. 65-4). Accordingly, the Court finds that a reasonable hourly rate for Ms. Aguilar is $150.00.

Where mathematical precision is not possible, the court can impose an overall reduction that achieves "rough justice" by way of reasonably deducting the fees associated with the $150.00 paralegal rate for Ms. Lorber. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) (It is the duty of a court to accomplish "rough justice, not [] auditing perfection" when determining what attorney's fees to award under the circumstances). Applying "rough justice," the Court will deduct **$500.00**.

### 3. Degree of Success

As a third and final step, a court should award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Randolph*, 715 F. App'x at 230. As set forth earlier, significant post-judgment efforts yielded great results. Based on these facts, no further reduction is warranted, yet no increase is merited either.

**B. Costs**

Plaintiff requested $258.92 in costs associated with legal research, postage, copies of court certified documents, photocopying, and filing fees. (Supplemental Petition p.6; ECF No. 65-3). Plaintiff substantiates these amounts in the attachments to the Supplemental Petition. (ECF No. 65-3).

In an FLSA case, a court has discretion to determine the costs that can be imposed against the losing party. *Roy v. Cnty. of Lexington*, 141 F.3d 533, 549 (4th Cir. 1998). Costs that may be taxed against a losing defendant include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal

services." *Spell v. McDaniel,* 852 F.2d 762, 771 (4th Cir. 1988) (citing *Northcross v. Bd. of Educ. of Memphis City Schools,* 611 F.2d 624, 639 (6th Cir.1979)). The following are examples of the categories of costs that have been charged to losing defendants: "necessary travel, depositions and transcripts, computer research, postage, court costs, and photocopying." *Almendarez v. J.T.T. Enters. Corp.,* Civ. No. JKS 06-68, 2010 WL 3385362, at *7 (D. Md. Aug. 25, 2010) (citing *Vaughns v. Bd. of Educ. of Prince George's County,* 598 F. Supp. 1262, 1289–90 (D. Md. 1984)). The Court will allow the expenses.

### III.  CONCLUSION

In sum, Plaintiff's Supplemental Petition, ECF No. 65, is **GRANTED**, as set forth herein. The Court has made the adjustments set forth above. After that, the Court multiplied the number of reasonable hours expended by the reasonable rates for the attorneys and professionals as instructed by *Randolph,* and followed the other *Randolph* requirements. Plaintiff will be awarded **$3,299.50** in attorneys' fees, and **$258.92** in costs. A separate Order follows.

Dated: March 11, 2022                                     /s/
                                                   The Honorable Gina L. Simms
                                                   United States Magistrate Judge